918 F.2d 179
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lewis E. WILLIAMS, Plaintiff-Appellant,
v.
John JABE, Frank Elo, International Union, United Automobile
Aerospace & Agricultural Implement Workers of America,
Michigan Department of Corrections, Michigan State Employee
Association, Robert Brown, Jr., James Blanchard, Defendants-Appellees.
 No. 90-1390.
 United States Court of Appeals, Sixth Circuit.
 Nov. 13, 1990.
 
 Before KRUPANSKY and MILBURN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Lewis E. Williams is a pro se Michigan prisoner who appeals the dismissal of a civil rights action that he had brought under 42 U.S.C. Sec. 1983. His case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and Williams's brief, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Williams alleges that his constitutional rights have been violated because the abuse of drugs and alcohol by corrections employees allows an increased level of violence in his prison. He sought declaratory and injunctive relief that would compel corrections employees to undergo mandatory drug testing. On March 21, 1990, the district court entered an order and judgment that dismissed Williams's complaint under 28 U.S.C. Sec. 1915(d). It is from this judgment that Williams now appeals.
 
 
 3
 An in forma pauperis complaint may be dismissed as frivolous when it lacks an arguable basis in law or in fact. 28 U.S.C. Sec. 1915(d); Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). The district court correctly found that Williams's complaint was frivolous because he did not allege that he has suffered any actual injury and the threat of injury to him in the future is wholly speculative. The district court also correctly found that Williams had not alleged a condition of confinement that would violate the eighth amendment. Cf. Williams v. Willits, 853 F.2d 586, 589-90 (8th Cir.1988).
 
 
 4
 In his brief, Williams argues that further investigation is mandated by the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. Sec. 1961 et seq. However, this claim was not presented to the district court, and it will not be considered by this court for the first time on appeal. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987).
 
 
 5
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.